**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ASHAUNTE MCLEAN, on behalf of himself and others similarly situated, | ) ) ) | No. 1:14-cv-7789 |
| Plaintiff, | ) ) ) | **JURY TRIAL DEMANDED** |
| v. | ) ) | |
| CBV COLLECTION SERVICES LTD doing business as PRIMARY FINANCIAL SERVICES, LLC and PRIMARY FINANCIAL SERVICES, LLC, and WELLS FARGO BANK, N.A. | ) ) ) ) | Hon. Judge Charles Norgle Hon. Mag. Judge Sheila Finnegan |
| Defendants. | ) | |

<u>SECOND AMENDED COMPLAINT</u>

<u>CLASS ACTION</u>

1.      Plaintiff Ashaunte McLean brings this action against Defendants CBV Collection Services Ltd., Primary Financial Services, LLC and Wells Fargo Bank, N.A. to secure redress on behalf of himself and others for Defendants' violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.      Specifically, Plaintiff seeks injunctive relief and monetary damages for Defendants' illegal conduct in making calls using an automatic telephone dialing system and/or an artificial or prerecorded voice to the cellular telephone numbers of Plaintiff and others in violation of 47 U.S.C. § 227(b)(1)(A)(iii).  *See* 47 U.S.C. § 227(b)(3).

3.      Defendant Primary Financial is in default in this lawsuit.

4.      It appears that defendant CBV may have shut down Primary Financial very recently.

1

5.      When one calls Primary Financial's phone number, one is automatically transferred to CBV.

6.      CBV was operating as a collection agency in the United States during the relevant time period, including the making of the calls alleged herein, through its subsidiary Primary Financial.

7.      The calls at issue in this lawsuit were made on behalf of defendant Wells Fargo Bank, N.A..

### JURISDICTION AND VENUE

8.      The Court has federal question jurisdiction over Plaintiff's claims under the TCPA pursuant to 28 U.S.C. § 1331.  *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

9.      The Court has personal jurisdiction and venue is proper because Defendants regularly conduct business in this District and a substantial portion of the events complained of occurred here, including Defendants' illegal calls to Plaintiff and other members of the Class.

### PARTIES

10.     Plaintiff is an individual who resides in this District.

11.     Defendant CBV Collection Services Ltd. ("CBV") is a collection agency headquartered, on information and belief, at 4664 Lougheed Highway, #20, Burnaby, British Columbia V5C 5T5.

12.     Defendant Primary Financial Services, LLC ("Primary Financial") is an Arizona limited liability company licensed as a collection agency in the State of Illinois (License No. 017021593), with registered agent in Illinois of CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

13.     Defendant Wells Fargo, N.A. is a national bank. It is the creditor for the alleged debts the calls at issue in this case were made in attempts to collect.

**APPLICABLE LAW**

14.     The TCPA was enacted in response to "[v]oluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes[.]"  *Mims*, 132 S. Ct. at 744.

15.     In enacting the TCPA, Congress intended to give consumers a choice as to how companies can call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer."  Pub. L. No. 102–243, § 2(11) (1991), *codified at* 47 U.S.C. § 227.

16.     Toward this end, Congress found that "[b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency[,] … is the only effective means of protecting telephone consumers from this nuisance and privacy invasion."  *Id.* at § 2(12); *see also Martin v. Leading Edge Recovery Solutions, LLC*, No. 11-5886, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

17.     Congress also specifically found "that the evidence presented … indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call[.]"  Pub. L. No. 102–243, § 2(13); *see also Mims*, 132 S. Ct. at 744.

18.     The TCPA specifically addresses autodialed or prerecorded calls to cell phones. As Judge Easterbrook has explained:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co*., LLC, 679 F.3d 637, 638 (7th Cir. 2012).

19.     Thus, the TCPA prohibits "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service[.]"  47 U.S.C. § 227(b)(1)(A)(iii).

20.     An "automatic telephone dialing system" ("autodialer" or "ATDS") is defined in the TCPA as "equipment which has the capacity … (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  47 U.S.C. § 227(a)(1).  The FCC—charged by Congress to develop the rules and regulations implementing the TCPA—has clarified that an ATDS includes any equipment, such as a predictive dialer, that has the "*capacity* to dial numbers without human intervention."  *Griffith v. Consumer Portfolio Serv., Inc.*, 838 F. Supp. 2d 723, 726 (N.D. Ill. 2011) (quoting *In re Rules & Regulations Implementing the TCPA*, 18 FCC Rcd 14014, 14092, ¶ 132 (2003)) (emphasis in original).

**FACTS**

21.     Defendants CBV and Primary Financial made calls to the cellular telephones of Plaintiff and the Class using equipment with the capacity to dial numbers without human intervention and/or an artificial or prerecorded voice. The technology used to call Plaintiff and

4

the Class had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator or list of numbers.

22.     Upon information and belief, including based upon Primary Financials sworn public statements, a Dialogic brand autodialer to make calls to Plaintiff and the Class.

23.     The calls made to plaintiff and the class were attempts to collect alleged debts owed to Wells Fargo, including student loan debts.

24.     CBV and Primary Financial made repeated calls to Plaintiff's cell phone using an autodialer.  For example, they made a call to Plaintiff's cellular telephone number using an autodialer from number (800) 661-0086 at approximately 1:08 p.m., on September 20, 2012, among other instances.

25.     On information and belief, the September 20, 2012 call Defendants made to Plaintiff's cellular telephone number also used a prerecorded voice, *i.e.*, a message that had been recorded ahead of time.  On information and belief, other calls made to Plaintiff's cell phone used an artificial or prerecorded voice, as well.

26.     Plaintiff did not provide his cellular telephone number to any Defendant, and like the other members of the Class, Defendants did not have Plaintiff's consent to call his cellular telephone number, whether using an autodialer, artificial or prerecorded voice, or otherwise.

27.     On information and belief, Defendants obtained Plaintiff's and the Class' cell phone numbers through a skip trace or similar means that did not confer consent.

28.     The calls to plaintiff were not inadvertent "wrong number" calls. They were made in attempts to collect the alleged debt of a family member of plaintiff.

29.     CBV operated to collect debts throughout the United States during the time period relevant to this lawsuit using the name Primary Financial Services, LLC; including through the use of automated dialers as alleged herein.

30.     Additionally and alternatively, Primary Financial collects debts in this District and throughout the United States as CBV's agent—despite being fully aware that Primary Financial calls consumers using a dialer and prerecorded voice, CBV and Wells Fargo have continued to accept the benefits of the illegal robocalling at issue in this case, including the opportunity to attempt to collect debts, as well as the monetary benefit of successful calls. Because CBV and Wells Fargo accept the benefits of such calls, it should have to bear the burden associated with them.

31.     Additionally, CBV had total and complete control over the business practices of Primary Financial, including with respect to its use of a dialer and prerecorded voice messages in calls to collect alleged debts. Moreover, Wells Fargo had the practical ability to control the calling practices of defendants, even if it did not exercise such.

32.     As the creditor for the accounts being collected, Wells Fargo is liable for any illegal calls made. *In re TCPA*, 23 FCC Rcd. 559, 565 (Jan 4, 2008) ("Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.")

33.     Plaintiff and the Class were damaged by Defendants' calls.  Their privacy was wrongfully invaded, and they have been forced to deal with the aggravation of unwanted phone calls using up airtime and requiring them to divert attention away from business, family, and other activities.

6

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Class)

34.     Plaintiff realleges and incorporates the foregoing allegations as if set forth fully

herein.

35.     It is a violation of the TCPA to call a person's cellular telephone using an

automatic telephone dialing system or an artificial or prerecorded voice.  47 U.S.C. §

227(b)(1)(A)(iii).

36.     "Automatic telephone dialing system" refers to any equipment that has "the

*capacity* to dial numbers without human intervention."  *Griffith*, 838 F. Supp. 2d at 726 (quoting

*In re Rules & Regulations Implementing the TCPA*, 18 FCC Rcd at 14092 ¶ 132).

37.     Defendants used equipment having the capacity to dial numbers without human

intervention to make non-emergency telephone calls to the cellular telephone numbers of

Plaintiff and the other members of the Class defined below.

38.     On information and belief, some, if not all, of these autodialed calls were also

made using an artificial and/or prerecorded voice.

39.     These calls were made without regard to whether or not Defendants had first

obtained the express consent of the called party to make such calls.  In fact, Defendants did not

have prior express consent to call the cell phones of Plaintiff and the other members of the

Class when its autodialed and/or artificial or prerecorded voice calls were made.

40.     For example, Defendants made a call using an autodialer and, on information and

belief, prerecorded voice, to Plaintiff's cellular telephone number on September 20, 2012, from

number (800) 661-0086, without Plaintiff providing his number directly to Defendants or otherwise consenting to be called.

41.     As such, Defendants' calls were willful or, possibly negligent.  *See* 47 U.S.C. § 312(f)(1). Regardless, because the TCPA is a strict liability statute, no level of intent is necessary to prove a violation.

42.     Defendants have, therefore, violated Section 227(b)(1)(A)(iii) of the TCPA by making calls to the cellular telephone numbers of Plaintiff and the other members of the Class using an automatic telephone dialing system and/or an artificial or prerecorded voice without the prior express consent of the called party.

43.     As a result of Defendants' conduct and pursuant to Section 227(b)(3)(B) of the TCPA, Plaintiff and the other members of the Class were harmed and are each entitled to a minimum of $500 in statutory damages for each violation.  Plaintiff and the Class are also entitled to injunctive relief.  47 U.S.C. § 227(b)(3)(A).

44.     Because Defendants knew or should have known that Plaintiff and the other members of the Class had not given prior express consent to receive the calls to their cell phones and/or willfully called the cell phones of Plaintiff and the other members of the Class using an automatic telephone dialing system and artificial or prerecorded voice without prior express consent, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the Class, pursuant to Section 227(b)(3) of the TCPA.

**Class Allegations**

45.     Plaintiff brings this Count I on behalf of a Class consisting of the following:

All persons in the United States whose cellular telephone number CBV or Primary Financial, or some person on their behalf, called for purposes of

8

collecting an alleged debt owned by Wells Fargo, using an artificial or prerecorded voice or equipment with the capacity to dial numbers without human intervention, where the phone number called was obtained through some source other than directly from the called party as to the alleged debt being collected, and where any such call occurred on or after October 6, 2010.

46. Plaintiff is a member of the Class. Over the four years prior to the filing of this action, Defendants made at least one autodialed and/or prerecorded call to Plaintiff's cell phone after obtaining his number from some source other than Plaintiff.

47. Numerosity is satisfied. There exists no reason to use an automatic dialer or an artificial or prerecorded voice other than to dial a large amount of numbers in a short amount of time. Upon information and belief, including based upon industry practices, Defendants called more than 100 cell phone numbers in the four years prior to the filing of this action using an autodialer or an artificial or prerecorded voice, where such numbers were not obtained from the called party directly.

48. Common questions of law or fact exist as to all members of the Class, and predominate over any questions solely affecting any individual member, including Plaintiff. Such questions common to the Class include but are not limited to:

    a.    Whether Defendants used an "automatic telephone dialing system" under the TCPA and applicable FCC regulations and orders;

    b.    Whether Defendants had the prior express consent of Plaintiff and the other members of the Class to call such persons' cellular telephone numbers using an automatic telephone dialing system or an artificial or prerecorded voice; and

      c.      Damages, including whether Defendants willfully or knowingly violated the TCPA, such that Plaintiff and the other members of the Class are entitled to treble damages under 47 U.S.C. § 227(b)(3).

49.      Plaintiff's claims are typical of the claims of the other members of the Class. The factual and legal bases of Defendants' liability to Plaintiff and the other members of the Class are the same: Defendants violated the TCPA by making calls to the cellular telephone numbers of each member of the Class, including Plaintiff, using an automatic telephone dialing system or an artificial or prerecorded voice without prior express consent.

50.      Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests that might conflict with the interests of the Class. Plaintiff is interested in pursuing his claims vigorously, and he has retained counsel competent and experienced in class and complex litigation, including with regards to the claims alleged herein.

51.      Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual action would entail. There are, on information and belief, thousands of members of the Class, such that joinder of all members is impracticable.

52.      No difficulties are likely to be encountered in the management of this action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

53.     Defendants have acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, thereby making relief appropriate with respect to the Class as a whole.  Prosecution of separate actions by individual members of the Class, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct.

54.     The identity of the Class is, on information and belief, readily identifiable from Defendants' records.

WHEREFORE, Plaintiff Ashaunte McLean, on behalf of himself and the other members of the Class, prays for the following relief:

a.     An order certifying this action as a class action on behalf of the Class as defined above, appointing Plaintiff as representative of the Class, and appointing his counsel as class counsel;

b.     A permanent injunction prohibiting Defendants from making calls to cellular telephone numbers using an automatic telephone dialing system or an artificial or prerecorded voice without the prior express consent of the called party;

c.     As award of statutory damages;

d.     An award of reasonable attorneys' fees and costs as permitted by law; and

e.     Any other relief the Court finds just and proper.

**<u>JURY DEMAND</u>**

Plaintiff requests a trial by jury of all claims that can be so tried.


Dated:  January 16, 2015                                   Respectfully submitted,

                                                            /s/Alexander H. Burke


Alexander H. Burke
Daniel J. Marovitch
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
aburke@burkelawllc.com
dmarovitch@burkelawllc.com

*Counsel for Plaintiff*


**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that Defendants take affirmative steps to preserve all recordings, data, databases, call records, consent to receive autodialed or prerecorded calls, e-mails, recordings, documents, and all other tangible things that relate to the allegations herein, Plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale, or file associated with Plaintiff or the putative class members, and any account or number or symbol relating to any of them.  These materials are very likely relevant to the litigation of this claim.  If Defendants are aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendants request that such third party also take steps to preserve the materials.  This demand shall not narrow the scope of any independent document preservation duties of Defendants.

__/s/  Alexander H. Burke____