UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ASHAUNTE MCLEAN, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) No. 1:14-cv-7789 |
| v. | ) ) |
| CBV COLLECTION SERVICES LTD doing business as PRIMARY FINANCIAL SERVICES, LLC and PRIMARY FINANCIAL SERVICES, LLC, and WELLS FARGO BANK, N.A., | ) Judge Charles Norgle ) Magistrate Judge Sidney Schenkier ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS AND THIRD PARTY RESPONDENTS'
MOTION TO QUASH SUBPOENAS**

Defendants Primary Financial Services, LLC ("PFS") and CBV Collection Services Ltd. ("CBV Collection") (collectively, "Defendants") and third party respondents Robert D. Hutton, Timothy Smith, CBV Financial Services, LLC ("CBV Financial"), and Bryan Waters (collectively, "Third Party Respondents"), by and through their attorneys, Dykema Gossett PLLC, respectfully move this Court pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure to quash subpoenas that plaintiff, Ashaunte McLean ("Plaintiff"), issued to Defendants and Respondents, and in support thereof state as follows:

**INTRODUCTION**

On January 16, 2015, Plaintiff filed his Second Amended Complaint (the "Complaint"), alleging one count under the Telephone Consumer Protection Act ("TCPA") on behalf of Plaintiff and a putative class. (Compl., DE 12.) On or about March 17, 2015, Plaintiff issued subpoenas to produce documents, information, or objects or to permit inspection of premises in a civil action to:

    i.    Robert D. Hutton,

      ii.     Timothy Smith,

      iii.    CBV Financial Services, LLC (c/o Timothy Smith and c/o Robert D. Hutton), and

      iv.    Primary Financial Services, LLC (c/o Timothy Smith and c/o Robert D. Hutton).

Each of these subpoenas requests a response by April 7, 2015. Plaintiff served Hutton and Smith with copies of the subpoenas on or about March 24, 2015.

On or about March 30, 2015, Plaintiff issued subpoenas to produce documents, information, or objects or to permit inspection of premises in a civil action to:

      i.     CBV Collection Services Ltd. (c/o Bryan Waters),

      ii.     Bryan Waters,

      iii.    CBV Financial Services, LLC (c/o Bryan Waters), and

      iv.    Primary Financial Services, LLC (c/o Bryan Waters).

Each of these subpoenas requests a response by May 4, 2015. It is unclear whether and when service of these subpoenas was completed.

All of the above ten subpoenas[1] contain the same seven document requests (the "Document Requests"). The Document Requests seek, among other things, "[a]ll documents and data" relating to "[a]ll persons in the United States" whose cellular telephone number was called by defendants or "some person on their behalf" since 2010. (See, e.g., Document Request No. 2.) This Court should quash the subpoenas because the expansive requests are unreasonable, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, unreasonably cumulative, and premature at this pre-certification stage of this putative class action.

---

[1] Copies of these ten subpoenas, collectively referred to herein as the "Subpoenas," are attached as **Exhibit A**.

## BACKGROUND

Plaintiff's one-count Complaint alleges that CBV Collection and PFS violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by making calls without his consent to his cellular telephone using equipment regulated by the TCPA. (Compl. ¶¶ 21 and 26.) Plaintiff alleges that these calls were made in an attempt to collect alleged debts owed to Wells Fargo Bank, N.A. ("Wells Fargo"), including student loan debts, and that each call was made on Wells Fargo's behalf. (Compl. ¶¶ 7 and 23.)

On April 2, 2015, the undersigned counsel was retained by CBV Collection, a Canadian entity. Counsel's understanding was that CBV Collection had not yet been formally served. On that same date, counsel made multiple requests to Plaintiff's counsel for copies of the subpoenas purportedly served on what was understood to be certain "CBV principals" located in the United States along with proofs of service. (See April 2, 2015 Emails, **Exhibit B**.) On April 5, 2015, the undersigned counsel was also retained to represent PFS.

On April 6 and 7, 2015, counsel for PFS and CBV Collection telephoned and emailed Plaintiff's counsel requesting copies of the subpoenas and proofs of service (see April 7, 2015 Email, **Exhibit C**), but no response was received until the evening on April 7 when the parties were finally able to meet and confer regarding the subpoenas containing an April 7 return date. Undersigned counsel explained that an extension was being sought with respect to the subpoenas dated April 7 and Plaintiff's counsel agreed to an extension to April 21, 2015.

Since then, undersigned counsel attempted to meet and confer further regarding the Subpoenas. On April 17, 2015, undersigned counsel sent an email to Plaintiff's counsel asking that he withdraw the subpoenas as they are duplicative of the discovery served on PFS, which discovery is the subject of a pending motion to compel. As undersigned counsel also noted, per

3

Plaintiff's counsel's own admission, the subpoenas were issued as a means to secure PFS's participation in the case, rather than as a means to obtain information that could not be obtained through discovery to the parties pursuant to Rules 33 and 34. (See April 17-20, 2015 Emails, **Exhibit D**.) Plaintiff's counsel stated that he would only withdraw the subpoenas once undersigned counsel "confirms in writing precisely what the respondents have, and what the defendant has." (*See* Exhibit D.) In other words, Plaintiff refused to withdraw the subpoenas unless Defendants and Respondents formally responded to them.

The Subpoenas should be quashed in their entirety for all the reasons discussed below. If not quashed, Defendants and Respondents request additional time to investigate, among other things, whether any responsive documents exist, whether any responsive materials are privileged or confidential, and whether responding to the Subpoenas would require "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B).

## ARGUMENT

I. **The Subpoenas Should Be Quashed Because They Are Overly Broad, Unduly Burdensome, and Not Reasonably Calculated to Lead to the Discovery of Admissible Evidence.**

A. **Standard for Motion to Quash**

The Federal Rules of Civil Procedure provide that, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

The reasonableness and burden of a subpoena should be evaluated in the context of the particular circumstances of the case. *McKevitt v. Pallasch*, 339 F.3d 530, 533 (7th Cir. 2003).

4

Pretrial discovery "is a fishing expedition and one can't know what one has caught until one fishes," but when one "fish" objects, the "fisherman" must justify the pursuit. *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 931 (7th Cir. 2004). Furthermore, "non-parties are not treated exactly like parties in the discovery context, and the possibility of mere relevance may not be enough; rather, non-parties are entitled to somewhat greater protection." *Patterson v. Burge*, No. 03 C 4433, 2005 WL 43240, at *1 (N.D. Ill. Jan. 6, 2005); *see also WM High Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 895-96 (S.D. Ind. 2006) ("[N]on-party status is a significant factor a court must consider when assessing undue burden for the purpose of a Rule 45 motion.")

### B. Plaintiff's Subpoenas Should Be Quashed.

Class-wide discovery into merits or damages issues is improper at this stage of the litigation because no class has been certified. As noted in defendant Wells Fargo's Motion to Bifurcate Discovery (DE 41), Plaintiff seeks overly broad, unduly burdensome, and unnecessary discovery on behalf of putative class members. Discovery at this time should be limited to the factors necessary to establish the prerequisites to class certification under Rule 23 of the Federal Rules of Civil Procedure and the merits of Plaintiff's individual claim. Prior to class certification, "discovery in a putative class action is generally limited to certification issues: e.g., the number of class members, the existence of common questions, the typicality of claims, and the representative's ability to represent the class." *Dysthe v. Basic Research, L.L.C.*, 273 F.R.D. 625, 628 (C.D. Cal. 2011) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 359 (1978)); *see also Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570-71 (11th Cir. 1992) (affirming district court's decision to deny discovery into issues unrelated to class certification); *Stewart v. Winter*, 669 F.2d 328, 331-32 (5th Cir. 1982) (affirming district court's denial of discovery into merits of class claims prior to class certification; although the information plaintiffs sought might have been relevant to the merits of the class claims, little of it was "necessary or helpful" to the class-certification issue.)

Moreover, the Subpoenas seek information that is not related to the underlying facts of Plaintiff's case and thus they are not reasonably calculated to lead to the discovery of admissible evidence. Despite inquiries from defense counsel, Plaintiff has offered no explanation as to the purported relevance of the materials sought by the subpoenas. (See Exhibits B, C and D.) Each of the Document Requests is unreasonable, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff's **Document Request No. 1** seeks

> All documents, records, data, recordings, and other materials relating to plaintiff, Steffani, McLean (Penman), and (708) 646-9009, or which are indexed, filed, or retrievable under any of them or any associated number, symbol, designation, or code (such as an account number or Social Security number).

(See Document Requests to Subpoenas, Exhibit A.) This Document Request is overly broad because it seeks information unlimited in scope (e.g., "any associated number") over a period exceeding five years in length (the Document Request Instructions state that "[t]he scope of these requests is January 1, 2010 to present.") Notably, the five-year time frame goes beyond the four-year statute of limitations to which TCPA claims are subject and predating the alleged September 20, 2012 phone call to Plaintiff's cell phone. (See Complt., ¶ 24); *see also In re Brand Name Prescription Drugs Antitrust Litig.*, 1995 U.S. Dist. LEXIS 7938, at *1 (N.D. Ill. June 8, 1995) (finding subpoena overly broad and unduly burdensome when it requested documents pre-dating the time period specified in a class complaint).

Plaintiff's **Document Request No. 2** seeks

> All documents and data that concern or relate to outgoing calls (including attempted calls) for the set described below, including to plaintiff:
>
> > All persons in the United States whose cellular telephone number CBV Collection Services Ltd. ("CBV Collection") or Primary Financial Services, LLC ("Primary Financial"), or some person on their behalf, called for purposes of collecting an alleged debt owned by Wells Fargo, using a

6

> Noble, Dialogic, CT Center or similar dialer/software/hardware, where the phone number called was obtained through some source other than directly from the called party (e.g., skip trace) as to the alleged debt being collected, and where any such call occurred on or after October 6, 2010.

(See Document Requests to Subpoenas, Exhibit A.) This Document Request is overly broad and unduly burdensome because, among other things, it seeks discovery from "[a]ll persons in the United States" the defendants or "some person on their behalf" may have called over a nearly five-year period. The sweeping breadth of this request is not reasonably related to the claims of Plaintiff's Complaint, which, at this point, only alleges claims on behalf of one named plaintiff and related to one alleged phone call, allegedly occurring on September 20, 2012. (*See* Compl., ¶ 24.)

**Document Request No. 3** seeks "[a]ll communications and other documents that relate to Noble, Dialogic, CT Center or similar dialer/software/hardware or skip tracing debtors." This request is vague and overly broad because it contains undefined terms and is unlimited in scope. It does not relate specifically to Plaintiff and is not reasonably related to Plaintiff's claims in the Complaint regarding the alleged telephone call made to his cellular phone allegedly occurring on September 20, 2012. Indeed, this request is unintelligible. The terms "Noble", "Dialogic", and "CT Center" are undefined, as is the phrase "skip tracing debtors."

**Document Request No. 4** seeks "[d]ocuments that may assist one in understanding any data, codes, field names, or other abbreviated matter produced relating to the case of *McLean v. CBV Collection Services Ltd.,* No. 14-7789 (N.D. Ill.)." This request is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to discovery of admissible evidence because it seeks documents related to undefined documents that have not been produced and may not even exist. Moreover, this request requires exercising a subjective standard for determining what documents "may assist one in understanding"

7

certain undefined information. This request is improper. The requesting party must circumscribe the documents it seeks. *See, e.g., O'Hanlon*, 460 F. Supp. 2d at 896 (quashing subpoenas that contained "broad, sweeping requests" because "unsupported fishing expedition[s] [are] frowned upon by the Seventh Circuit.") (citing *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 931 (7th Cir. 2004)).

**Document Request No. 5** seeks "[a]ll documents, including communications, regarding or relating to the case of *McLean v. CBV Collection Services Ltd.*, No. 14-7789 (N.D. Ill.)." This request is improper and should be quashed because it is overly broad and vague. Also, it seeks documents that are privileged and protected by the work product doctrine.

**Document Request No. 6** seeks "[a]ll communications (including e-mails) and other documents relating to the formation of CBV Financial Services, LLC and its relation to CBV Collection and Primary Financial." This request is not reasonably calculated to lead to discovery of admissible evidence because CBV Financial Services, LLC is not a party to this action, nor is any allegation in the Complaint directed at CBV Financial Services, LLC. Documents and communications regarding the formation of CBV Financial Services, LLC would not tend to prove or disprove whether telephone calls were made to Plaintiff's cellular telephone using equipment regulated by the TCPA without Plaintiff's consent. Moreover, because and to the extent these documents regarding formation of CBV Financial Services, LLC are publicly available, this request is unduly burdensome and should be quashed. *See* Fed. R. Civ. P. 26(b)(2)(iii) (allowing court to limit discovery if "the burden or expense of the proposed discovery outweighs its likely benefit"); *see also Sabratek Liquidating L.L.C. v. KPMG LLP*, 2002 U.S. Dist. LEXIS 21858, 11 (N.D. Ill. Nov. 12, 2002) (denying motion to compel production of documents when document requests sought documents that were publicly available.)

8

Finally, **Document Request No. 7** seeks "[a]ll documents relating to the closing down or sale of PFS, including but not limited to any transfer of equipment, accounts, collection or other data, or assets to CBV Financial Services, LLC or any other entity." Again, this request is not reasonably calculated to lead to discovery of admissible evidence because "the closing down or sale of Primary Financial" is not at issue in this case, and documents regarding same have no potential ability to lead to discovery of evidence that would support Plaintiff's TCPA claims.

## II. Plaintiff's Subpoenas Are Premature Because There Has Been No Rule 26(d) Planning Conference.

Plaintiff's Subpoenas violate Rule 26(d) because the parties have not yet conferred as required by Rule 26(f):

> **Timing.** A party may *not* seek discovery *from any source* before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosures under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

Fed. R. Civ. P. 26(d)(1) (emphasis added). This case does not fall within any exception listed in Rule 26(a)(1)(B), and the parties have not participated in a meaningful discovery planning conference as required by Rule 26(f). The Court has not issued an order allowing discovery to proceed prior to the required Rule 26(f) conference and the submission of the discovery plan, nor has the Court held a Rule 16(b) scheduling conference or issued a scheduling order.

The Subpoenas were issued prematurely and should be quashed for that additional reason.

## III. Plaintiff's Subpoenas are Duplicative and Unreasonably Cumulative of Each Other, the Discovery Requests to PFS, and Subpoenas issued to other Third Parties.

Plaintiff is improperly using Rule 45 to seek cumulative and duplicative materials from former and current employees of the Defendants, an entity related to the Defendants, and the Defendants themselves, before he has even obtained discovery from the Defendants pursuant to

9

proper requests under Rules 33 and 34. "A district court may quash or modify a subpoena if it seeks discovery that is 'unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; [or] the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought.'" *aaiPharma, Inc. v. Kremers Urban Dev. Co.*, 361 F. Supp. 2d 770, 773 (N.D. Ill. 2005) (quoting Fed. R. Civ. P. 26(b)(2)).

Plaintiff issued one subpoena to Defendant CBV Collection and three subpoenas each to Defendants PFS and to third-party CBV Financial Services, LLC, a recently-formed entity. Plaintiff also issued subpoenas to Timothy Smith and Robert Hutton, who are former personnel of PFS, and to Bryan Waters, who is the CEO of CBV Collection. The requests in each of these ten subpoenas are identical to each other and also substantially overlap the document requests that were issued to PFS pursuant to Rule 34.[2] (See Plaintiff's First Discovery Requests, **Exhibit E**, at Request Nos. 1, 2, 4, and 8.)

Plaintiff has bypassed the most direct, convenient, and least burdensome means of obtaining relevant information, which would be appropriately tailored requests pursuant to Rules 33 and 34 to the parties in this case (once the Court's discovery schedule permits). Instead of first using these proper and efficient discovery methods, Plaintiff has issued an unreasonably cumulative, duplicative, premature and broad sweep of Subpoenas to both parties and related non-parties.

Last, Plaintiff issued subpoenas to Noble and Dialogic seeking the same or similar information as that sought from PFS in its capacity as a party and in the Subpoenas. It is the

---

[2] These requests, like the Subpoenas, were issued prematurely. As set forth in PFS's response to plaintiff's motion to compel responses to the discovery requests, PFS offered to respond to these discovery requests consistent with the Court's ruling on the pending motion to bifurcate and with this Court's discovery schedule. (DE 62.)

10

undersigned counsel's understanding that Noble and Dialogic are in the process of responding to the subpoenas served on them, copies of which are attached as **Exhibit F**.

### IV. PFS Unsuccessfully Attempted to Meet and Confer.

Pursuant to Local Rule 37.2, counsel for PFS attempted to meet and confer relating to the Subpoenas on April 6, 7, 17, and 20, 2015. (See Exhibits C and D.) As set out above, the parties were unable to reach accord despite good faith attempts to resolve their differences.

### CONCLUSION

This Court should quash the Subpoenas and grant such further relief as the Court deems just and reasonable.

Dated: April 21, 2015　　　　　　　　　　Respectfully submitted,

**PRIMARY FINANCIAL SERVICES, LLC;**
**CBV COLLECTION SERVICES LTD.;**
**CBV FINANCIAL SERVICES, LLC;**
**ROBERT D. HUTTON;**
**TIMOTHY SMITH; and**
**BRYAN WATERS**

By:　*/s/ John F. Rhoades*
　　　One of their Attorneys

Rosa M. Tumialán
Melanie J. Chico
Molly E. Thompson
John F. Rhoades
DYKEMA GOSSETT PLLC
10 S. Wacker Dr., Suite 2300
Chicago, IL 60606
(312) 876-1700
rtumialan@dykema.com
mchico@dykema.com
methompson@dykema.com
jrhoades@dykema.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 21, 2015, I caused the foregoing document to be filed with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to all registered participants.

                                                                                */s/ John F. Rhoades*
                                                                                John F. Rhoades

4470316.8