IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ASHAUNTE MCLEAN, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CBV COLLECTION SERVICES LTD doing business as PRIMARY FINANCIAL SERVICES, LLC and PRIMARY FINANCIAL SERVICES, LLC, and WELLS FARGO BANK, N.A.,<br>Defendants. | No. 1:14-cv-7789<br><br>Judge Charles Norgle<br>Magistrate Judge Sidney Shenkier |

**DEFENDANT CBV COLLECTION SERVICES LTD.'S
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant CBV Collection Services Ltd. ("CBV"), by and through its undersigned attorneys, moves to dismiss the Second Amended Complaint ("SAC") filed Plaintiff, Ashaunte McLean ("Plaintiff"), with prejudice, for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). In support of this motion, CBV incorporates its Memorandum of Law and states as follows:

1. The SAC is fatally flawed and should be dismissed because: (1) it fails to state a claim for relief against CBV for violation of the Telephone Consumer Protection Act ("TCPA") and (2) this Court lacks personal jurisdiction over CBV, a Canadian entity that has no contacts with Illinois.

2. Plaintiff fails to state a claim against CBV for three separate reasons. First, the SAC does not allege that CBV itself made any calls to Plaintiff using an automatic telephone dialing system ("ATDS"). Plaintiff's attempt to lump all of the Defendants together constitutes

improper pleading and fails to put the individual Defendants on notice of what conduct Plaintiff alleges that each engaged in giving rise to liability under the TCPA.

3. Second, to the extent that Plaintiff seeks to hold CBV liable for the purported acts of co-Defendant Primary Financial Services, LLC ("PFS"), Plaintiff has not pled any facts (aside from mere conclusory assertions) that justify piercing the corporate veil. *See, e.g., Northwestern Corp. v. Gabriel Mfg. Co.*, No. 95 C 2004, 1996 U.S. Dist. LEXIS 19275, at *33 (N.D. Ill. Dec. 10, 1996); *Classic Fire & Marine Ins. Co. v. Illinois Ins. Exch.*, No. 97 C 1256, 1997 U.S. Dist. LEXIS 19523, at *16 (N.D. Ill. Dec. 2, 1997); *Hornsby v. Hornsby's Stores, Inc.*, 734 F. Supp. 302, 307-08 (N.D. Ill. 1990).

4. Third, the SAC does not sufficiently allege that any of the Defendants used an ATDS to call the Plaintiff even though Plaintiff, based on his own personal knowledge, should be able to describe the underlying basis for his conclusion that the calls were made using an autodialer. *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 U.S. Dist. LEXIS 178558, at *9 (N.D. Ill. Dec. 18, 2012) ("For example, a TCPA plaintiff could describe the robotic sound of the voice on the other line, the lack of human response when he attempted to have a conversation with the "person" calling him, the generic content of the message he received, or anything else about the circumstances of a call or message contributing to his belief it was pre-recorded or delivered via an ATDS"). Plaintiff does not set forth any such allegations here.

5. In addition, the SAC should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) because there is no personal jurisdiction over CBV. The Declaration of Bryan Waters establishes the complete lack of contacts between CBV and Illinois.

6. Plaintiff cannot demonstrate the existence of specific jurisdiction over CBV because CBV did not make the phone calls to Plaintiff, who resides in Illinois. *KM Enterps., Inc.*

*v. Global Traffic Techs., Inc.*, 725 F.3d 718, 732-33 (7th Cir. 2013) (Specific jurisdiction "requires that the plaintiff's cause of action relate to the defendant's contacts with the forum").

7. Moreover, Plaintiff cannot demonstrate general jurisdiction over CBV because he cannot meet the high threshold of showing that CBV has continuous and systematic contacts with Illinois. *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014).

8. Finally, Plaintiff cannot impute the alleged contacts of PFS with Illinois to CBV because he cannot pierce the corporate veil. *Daimler AG*, 134 S.Ct. at 751; *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 788 n.17 (7th Cir. 2003). The Waters Declaration unequivocally establishes that CBV and PFS were separate corporate entities that observed the required corporate formalities.

## CONCLUSION

WHEREFORE, Defendant CBV Collection Services Ltd. respectfully requests that the Court enter an order dismissing Plaintiff's Second Amended Complaint with prejudice and for any other relief the Court deems just and appropriate.

Dated: May 26, 2015

Respectfully submitted,

**PRIMARY FINANCIAL SERVICES, LLC**

By: /s/ *Rosa M. Tumialán*
      One of Its Attorneys

Rosa M. Tumialán (#6226267)
Melanie J. Chico (#6294469)
John F. Rhoades (#6309999)
DYKEMA GOSSETT PLLC
10 S. Wacker Dr., Suite 2300
Chicago, IL 60606
(312) 627-2139 / (312) 627-2279
rtumialan@dykema.com
mchico@dykema.com
jrhoades@dykema.com